UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Iran Steven Richard,<br>     *Plaintiff*,<br><br>     *v.*<br><br>Tanya Dorman,<br>     *Defendant*. | Civil No. 3:08cv1495 (JBA)<br><br><br><br>June 22, 2009 |

**RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. # 13]**

On September 29, 2008 Plaintiff Iran Steven Richard filed a complaint *pro se*, naming as defendant Tanya Dorman, the private attorney retained to represent him in deportation proceedings. In an Initial Review Order this Court dismissed Plaintiff's claims under federal law but held that he had made out a state-law claim of legal malpractice over which the Court appeared to have diversity jurisdiction, and ordered that his complaint be served on Defendant. (Initial Review Order [Doc. # 5] at 4–6.) On December 29, 2008 Defendant filed a Motion to Dismiss [Doc. # 13] on the grounds that the Court lacked both federal-question subject-matter jurisdiction, the federal claims having been dismissed, and diversity subject-matter jurisdiction, for lack of complete diversity among the parties. Plaintiff's reply was due twenty days later, on January 19, 2009. After Plaintiff moved for an extension of time, which was granted, the Court advised Plaintiff on January 30, 2009 as follows:

> Your memorandum in opposition to Defendant's Motion to Dismiss must be filed by **February 17, 2009**. Your failure to file any opposition, or request extension of time within which to file your opposition, may result in dismissal of this case, if after full review of the unopposed motion, dismissal appears warranted. If dismissed, there will be no trial on claims against defendant and this case will be closed.

(Notice to *Pro se* Plaintiff [Doc. # 16] (emphasis in original).)  To date, Plaintiff has neither filed opposition to Defendant's Motion to Dismiss nor sought an additional extension of time within which to do so.

Defendant argues that no subject matter exists because there is no diversity of citizenship.  Defendant avers that she is a domiciliary of Hartford, Connecticut (Affidavit of Tanya Dorman, Ex. F to Def.'s Mot. Dismiss, at ¶ 6), which is consistent with Plaintiff's allegation in his Complaint that her address is in Hartford (Compl. [Doc. # 2] at 1).  Plaintiff's Complaint further alleged that he is incarcerated at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island (*id.*), and the grievance against Ms. Dorman that he filed with the Grievance Committee of the Connecticut State Bar, and that he attached to his Complaint, reveals that he was a permanent United States resident from Jamaica (Grievance, Ex. A to Compl., at 1-2).

For diversity purposes, a party's domicile is assessed as of the date the lawsuit was filed, which in this case is September 29, 2008.  *See, e.g.*, *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (citation omitted) (to determine diversity jurisdiction "it must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [one party] was a citizen of—*i.e.*, domiciled in—a state other than the state" of which the opposing party is a citizen); *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (citations omitted) ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced.").  Defendant offers documentation of Plaintiff's pre-incarceration address in Hartford, Connecticut (*see* Exs. B, C, D to Def.'s Mot. Dismiss) in reliance on the rebuttable presumption that a person's pre-incarceration

domicile remains his domicile while incarcerated, *see, e.g.*, *Collazo-Portillo v. D'Avirro*, No. 3:06cv2028(PCD), 2007 WL 1614527, *3 (D. Conn. May 29, 2007) (citing *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991) and *Tiuman v. Canant*, No. 92 Civ. 5813(JFK), 1994 WL 471517 (S.D.N.Y. Sept. 1, 1994)); *Fiamengo v. Wadsworth*, No. 3:03cv569(SRU), 2004 WL 1638235, *4 (D. Conn. July 13, 2004) (also citing *Sullivan* and *Tiuman*).

In the absence of any evidence to rebut the presumption that Plaintiff's domicile is Connecticut, there does not appear to be diversity of citizenship of the parties, and the Court thus lacks subject-matter jurisdiction. Accordingly, Defendant's Motion to Dismiss [Doc. # 13] is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22d day of June, 2009.